UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD., et al., | 1:23-cv-00601 (JGK) |
| Plaintiffs, | PROTECTIVE ORDER |
| v. | |
| KEVIN J. KENNEDY, et al., | |
| Defendants. | |

JOHN G. KOELTL, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that any person or entity subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons or entities with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person or entity subject to this Order who receives from any other person or entity in connection with the above-captioned action any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person or entity producing any given Discovery Material may designate as Confidential only such material as consists of:

12392981-1

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins), and information that was previously disclosed to any receiving person or entity pursuant to the terms of a prior confidentiality agreement or obligation of confidentiality;

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

3.  With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or entity or that person's or entity's counsel may designate the document as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document in a manner that will not interfere with legibility or audibility.  However, because only such portion of the document containing "Confidential" information shall be entitled to protection, the producing person or entity shall also maintain a copy of any Discovery Material it marks as "Confidential," and shall, upon written request of the receiving party or order of the Court, promptly produce for public or otherwise non-confidential use another copy of said Discovery Material with only the "Confidential" information redacted.  With respect to deposition transcripts and exhibits, a producing person or entity or that person's or entity's

counsel may designate such portion as Confidential either by (a) indicating on the record that a question or line of questioning calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

4.  If at any time prior to the trial of this action, a producing person or entity realizes that some Discovery Material that that person or entity previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.  No person or entity subject to this Order other than the producing person or entity shall disclose any of the Discovery Material designated by the producing person or entity as Confidential to any other person or entity whomsoever, except to:

   a. the parties to this action;

   b. employees, officers, directors, members, trustees, advisors and agents of the parties to this action, as well as the parties' insurers and counsel to their insurers, to whom disclosure is reasonably necessary for purposes of this

action, provided that each shall be advised that such Discovery Material is being disclosed pursuant to, and is subject to, the terms of this Protective Order and may not be disclosed other than pursuant to its terms;

c. counsel for the parties to this action, including any paralegal, clerical and other assistant employed by such counsel, and any discovery vendors retained by such counsel;

d. other persons retained by counsel for the parties to this action to provide legal support and administrative services, who are not employees of such counsel, provided that such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided that such person has been asked to execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.  A witness's failure to execute such Non-Disclosure Agreement shall not preclude the use of the information during the deposition;

g. during trial, to any witness called to testify during the trial and its counsel to whom disclosure is reasonably necessary;

h. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, and attorneys for the witnesses, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

12392981-1

    i.   any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    j.   stenographers engaged to transcribe depositions conducted in this action; and

    k.   the Court and its support personnel.

6.  Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(h), or 5(i), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and, upon request of opposing counsel, produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court, consistent with the Court's rules and procedures for requests for filing under seal. The parties will use their best efforts to minimize such sealing. Should any party wish to file with the Court any motion or other papers containing Confidential Discovery Material, they shall request an Order from the Court permitting the filing of such material under seal. The parties shall confer immediately after[1] filing and serving any such Confidential Discovery Material under seal to determine appropriate limited redactions for Discovery Material

---

[1] If practicable, the parties may also confer regarding appropriate redactions of Discovery Material designated as Confidential pursuant to this Protective Order prior to filing and serving such Discovery Material.

designated as "Confidential," and then publicly file, via the Court's Electronic Case Filing system, a version that, with respect to the Discovery Material designated as "Confidential," redacts only such Discovery Material itself, and not text that in no material way reveals such Discovery Material, unless another Order of the Court pertaining to the filing of such submissions provides otherwise.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or entity a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons or entities will convene a joint telephone call with the Court to obtain a ruling.

9. All persons and entities are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

11.  Each person or entity who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

   a. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

   b. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

   c. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

   d. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

12392981-1

13. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing party, or, alternatively, destroyed. However, following the conclusion of this litigation, the parties may retain: (i) attorney work product containing or referencing Confidential information; (ii) a copy of all deposition transcripts containing or referencing Confidential information; (iii) a copy of all pleadings, briefs or other submissions to the Court in this action; (iv) a copy of all trial and hearing transcripts; and (v) a copy of all trial exhibits.

14. This Court shall retain jurisdiction over all persons and entities subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15. No party shall be in violation of any other confidentiality agreement or obligation between or among the parties to this action based on any disclosure of documents or information produced in this action that complies with the terms of this Order.

16. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

SO STIPULATED AND AGREED.

12392981-1

Dated: New York, New York
February 29, 2024

| | |
|---|---|
| OLSHAN FROME WOLOSKY LLP | HUESTON HENNIGAN, LLP |
| By: *(signed) Kerrin T. Klein* | By: *(signed) Thomas A. Zaccaro* |
| Thomas J. Fleming | Thomas A. Zaccaro (*admitted pro hac vice*) |
| Adrienne M. Ward | Samantha Fidler |
| Kerrin T. Klein | 523 West 6th St., Suite 400 |
| 1325 Avenue of the Americas | Los Angeles, CA 90014 |
| New York, New York 10019 | 213-788-4039 |
| 212-451-2213 | |
| | Arianna Demas |
| *Attorneys for Plaintiffs* | 1 Little W 12th Street |
| | New York, NY 10014 |
| | 646-930-4046 |
| | *Attorneys for Defendants* |

New York, New York
March 5, 2024

SO ORDERED.

/s/ John G. Koeltl

_____
JOHN G. KOELTL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD., et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>KEVIN J. KENNEDY, et al.,<br><br>       Defendants. | 1:23-cv-00601 (JGK)<br><br>Non-Disclosure Agreement |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it, unless directed by the party or attorney from whom I received it that I shall destroy it, and thereafter confirm to such party or attorney that I have returned or destroyed such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____             _____

12392981-1